*Carleton*, for the respondent.

---

## TIMOTHY HOMSTEAD *versus* BRADFORD LOOMIS.

A creditor of a ward may sue him, taking care to have notice of the suit served upon the guardian.

If such notice be not served, the judgment obtained against the ward will be erroneous and liable to be reversed.

A person indebted for property purchased of a guardian cannot be held as trustee in a suit against the ward.

Power and duties of a guardian.

ON EXCEPTIONS, from *Nisi Prius*, CUTTING, J., presiding. *Scire facias* against the defendant, who was defaulted as trustee in the original action in which the principal defendant was a person under guardianship.

The defendant disclosed that he purchased of Oliver Walker—guardian of the principal defendant in the original action—a pair of yearling steers and a steer calf, for which he agreed to pay thirty-three dollars in one year. The presiding Judge discharged the trustee, and the plaintiff alleged exceptions.

*Coburn & Wyman,* for the plaintiff.

*James Bell,* for the defendant.

WALTON, J. — The law confers upon a guardian the entire control of his ward's estate. He is to settle all his accounts, appear for and represent him in all legal proceedings, and demand, sue for, and receive all his dues. We think these rights, duties, and liabilities of the guardian are inconsistent with the right of a creditor to attach the ward's estate in the guardian's hands, or in the hands of those to whom the guardian may have entrusted it. Undoubtedly a creditor may sue the ward, taking care to have notice of the suit served upon the guardian; and perhaps, if his claim is disputed, he ought to have its validity determined in such an action before attempting to compel the guardian to pay it; but it is the duty of the guardian to pay all the just debts of his ward so far as he can without disposing of effects necessary for the use and comfort of the ward and his family; and if he neglects his duty in this respect, the creditor is entitled to an action upon the guardianship bond. *Conant* v. *Kendall,* 21 Pick., 36. And it was said by the Court in *Cole* v. *Eaton,* 8 Cush., 587, that this is the creditor's only remedy.

Our conclusion is that a person indebted for property purchased of a guardian cannot be held as trustee in a suit against the ward, because to do so would deprive the guardian of his rightful authority over the ward's estate. R. S., c. 67, §§ 3, 13.

The exceptions state that the presiding Judge at *Nisi Prius* discharged the defendant as trustee, upon the ground that the original suit should have been against the guardian and not the ward. If the ward was under guardianship when the suit was commenced, notice of the suit should have been given to the guardian, and if this was not done, the judgment is erroneous and liable to be reversed. *White* v. *Palmer,* 4 Mass., 146. And probably this is what the presiding Judge intended to say. But it is of no consequence

what reason was given; for if the ruling was correct, giving a false reason for it does no harm. We think the ruling was correct. The trustee was only indebted for a small amount of personal property purchased of the guardian, and for reasons already given, we think he could not be rightfully charged as trustee of the ward.

*Exceptions overruled. — Defendant discharged.*

APPLETON, C. J., CUTTING, KENT, BARROWS and DAN-FORTH, JJ., concurred.